# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TONY NGUYEN,<br>         Plaintiff,<br>v.<br>ISLAMIC REPUBLIC OF IRAN, et al.,<br>         Defendants. | Case No. 2:21-cv-00134-GMN-NJK<br><br>**ORDER**<br>[Docket No. 61] |

Pending before the Court is Plaintiff's motion for an extension of time to file a joint proposed discovery plan. Docket No. 61. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

On April 9, 2021, the Court ordered the parties to file a joint proposed discovery plan no later than April 16, 2021. Docket No. 57. On April 15, 2021, Hoang Huy Tu on behalf of the Law Offices of Hoang Huy Tu, Ngoc Bich Nguyen, and Bich An Nguyen ("Defendants") filed a declaration in response to the Court's order. Docket No. 59. In their declaration, Defendants submit that Plaintiff has not contacted them to initiate the scheduling of a Fed. R. Civ. P. 26(f) conference, as required under the Court's Local Rules. *Id.* at 2; *see also* Local Rule 26-1(a) ("The pro se plaintiff . . . must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears"). Defendants submit that "they have attempted to contact the Plaintiff via telephone . . . in response to the Court's latest order, however he never answers the telephone." Docket No. 59 at 2. Defendants further submit that Plaintiff's listed address is a P.O. Box and, therefore, they cannot contact him in person. *Id.*; *see also* Docket. On April 16, 2021, Plaintiff filed the instant motion requesting an

1

extension of time to file a joint proposed discovery plan.[1]  Docket No. 61.  Plaintiff submits that he attempted to contact Defendants via phone and email, but was not successful.[2]  *Id.* at 3.

"Discovery is supposed to proceed with minimal involvement of the Court." *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986).  Parties should strive to be cooperative, practical, and sensible, and should seek judicial intervention "only in extraordinary situations that implicate truly significant interests."  *In re Convergent Techs. Securities Litig.*, 108 F.R.D. 328, 331 (N.D. Cal. 1985).  Further, Plaintiff has a duty to prosecute his claims.  Fed. R. Civ. P. 41(b).

Accordingly, Plaintiff's motion for an extension of time to file a joint proposed discovery plan, Docket No. 61, is hereby **GRANTED**.  Plaintiff is **ORDERED** to contact Defendants, no later than April 23, 2021, to confer on a joint proposed discovery plan.  The parties must file a joint proposed discovery plan no later than April 30, 2021.  In the event Plaintiff fails to contact Defendants by April 23, 2021, Defendants must file a notice so indicating.  Failure to comply with this order may result in sanctions.

IT IS SO ORDERED.

Dated: April 19, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The instant motion lists additional requests that Plaintiff submits he may raise in forthcoming motions.  *See* Docket No. 61 at 3.  The Court has not considered these additional requests and expresses no opinion on their merits.

[2] The instant motion attaches an email that Plaintiff purportedly sent to Mr. Tu regarding the joint proposed discovery plan.  *See* Docket No. 61 at 7.  That email is dated April 15, 2021, and includes Mr. Tu's email address in a bold, large font adjacent to a distinct email address that actually corresponds in style and size to the text in the body of the attached email.  *See id.*