UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY NGUYEN,

    Plaintiff,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

    Defendants.

Case No. 2:21-cv-00134-GMN-NJK

**ORDER**

[Docket No. 72]

    On April 9, 2021, the Court ordered the parties to file a joint proposed discovery plan no later than April 16, 2021. Docket No. 57. On April 15, 2021, Hoang Huy Tu on behalf of Defendants the Law Offices of Hoang Huy Tu, Ngoc Bich Nguyen, and Bich An Nguyen ("Defendants") filed a declaration in response to the Court's order. Docket No. 59. In their declaration, Defendants submitted that Plaintiff had not contacted them to initiate the scheduling of a Fed. R. Civ. P. 26(f) conference, as required under the Court's Local Rules. *Id.* at 2; *see also* LR 26-1(a) ("The pro se plaintiff . . . must initiate the scheduling of the conference required by Fed. R. Civ. P. 26(f) to be held within 30 days after the first defendant answers or otherwise appears").

    On April 16, 2021, Plaintiff filed a motion requesting an extension of time to file a joint proposed discovery plan. Docket No. 61. Plaintiff submitted that he attempted to contact Defendants via phone and email, but was not successful. *Id.* at 3. On April 19, 2021, the Court granted Plaintiff's motion and ordered him to contact Defendants, no later than April 23, 2021, to confer on a joint proposed discovery plan. Docket No. 62 at 2. The Court further ordered the parties to file a joint proposed discovery plan no later than April 30, 2021. *Id.* On April 26, 2021, Defendants filed a declaration submitting, in part, that they attempted to contact Plaintiff, "but there was no answer[.]" Docket No. 64 at 2.

    On April 28, 2021, Plaintiff filed a proposed discovery plan wherein he submitted that he attempted to contact Defendants by telephone to no avail. Docket No. 66 at 3. The Court denied

Plaintiff's proposed discovery plan because it failed to fully comply with the Court's Local Rules. Docket No. 68. The Court again ordered Plaintiff to contact Defendants to confer on a joint proposed discovery plan. *Id.* at 2. The Court further ordered the parties to file a joint proposed discovery plan no later than May 13, 2021. *Id.* The Court cautioned the parties that failure to cooperate and comply with its order may result in sanctions. *Id.* On May 13, 2021, Plaintiff filed the instant proposed discovery plan. Docket No. 72. Plaintiff submits that, from May 4, 2021 to May 12, 2021, he attempted to contact Defendants by telephone, but no one answered.[1] *Id.* at 3.

As previously instructed, the Court's Local Rules require the parties to file a joint proposed discovery plan. *See* LR 26-1(a); *see also* Docket No. 68 at 2. The instant proposed discovery plan again fails to comply with that requirement. Further, though not set out in detail here, the instant proposed discovery plan again fails to fully comply with the Court's Local Rules. *See* LR 26-1; *see also Carmona v. Wells Fargo Bank*, 2009 WL 10693408, at *2 (D. Nev. Dec. 23, 2009) (citing *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)) (*pro se* litigants are required to adhere to the rules of procedure).

Accordingly, Plaintiff's proposed discovery plan, Docket No. 72, is hereby **DENIED**. Plaintiff is again **ORDERED** to contact Defendants, no later than May 21, 2021, to confer on a joint proposed discovery plan. The parties must file a joint proposed discovery plan that fully complies with the Court's Local Rules, no later than May 26, 2021. Alternatively, any party may file a motion to stay discovery, supported by proper authority, no later than May 26, 2021.

IT IS SO ORDERED.

Dated: May 18, 2021

Nancy J. Koppe
United States Magistrate Judge

---

[1] On May 10, 2021, Mr. Tu filed a declaration in support of Defendants' motion to dismiss, in which he stated that discovery would be completed after the Court resolves the pending motion to dismiss. Docket No. 71 at 2. Parties, however, may not unilaterally stay discovery. *See First Am. Title Ins. Co. v. Commerce Assoc., LLC*, 2016 WL 951175, at *2 (D. Nev. Mar. 8, 2016) (citing Fed. R. Civ. P. 26(c)) ("Absent a court order, a party must participate in discovery"); *see also* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion").

2