UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TONY NGUYEN,

    Plaintiff,

v.

ISLAMIC REPUBLIC OF IRAN, et al.,

    Defendants.

Case No. 2:21-cv-00134-GMN-NJK

**ORDER**

[Docket No. 83]

Pending before the Court is Plaintiff's motion for sanctions. Docket No. 83. The Court has considered Plaintiff's motion, Defendants' declaration in response to Plaintiff's motion, and Plaintiff's declaration in support of his motion.[1] Docket Nos. 83, 85, 93. The motion is properly resolved without a hearing. *See* LR 78-1.

Plaintiff asks the Court to find that Defendants are in default because, he submits, Defendants failed to comply with the Court's orders regarding the filing of a joint proposed discovery plan. Docket No. 83 at 3. Plaintiff submits that case-dispositive sanctions are appropriate because Hoang Huy Tu is not a licensed attorney and, therefore, cannot appear as counsel for Defendants in this case. *Id.* at 3–4. Plaintiff further submits, without explanation, that Defendants Ngoc Bich Nguyen and Bich An Nguyen cannot represent themselves in this action. *Id.* at 4.

---

[1] The proper course of action is for parties to file a response in opposition to a motion and a reply in support of a motion, not declarations. *See* LR 7-2(b). Further, absent the Court's leave, supplemental briefs are not permitted. *See id.*; *see also* LR 7-2(g) ("A party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause"). In addition to filing declarations in response to Plaintiff's motion, Defendants filed a declaration in response to Plaintiff's declaration in support of his motion. *See* Docket Nos. 96, 99 (duplicate). However, Defendants failed to request, and the Court did not grant, permission to file a supplemental brief. *See* Docket. Accordingly, the Court does not consider Defendants' declaration at Docket No. 96 and its duplicate at Docket No. 99 in resolving the instant motion.

1

All motions filed in this Court "must be supported by a memorandum of points and authorities." LR 7-2(a). Plaintiff's motion fails to comply with this requirement.[2] *See* Docket No. 83. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

However, even if Plaintiff had supported the instant motion with a memorandum of points and authorities, the Court is not convinced that case-dispositive sanctions are appropriate. Discovery has been stayed in this case. *See* Docket No. 88. Moreover, in determining whether case-dispositive sanctions are appropriate due to a party's failure to follow discovery orders, "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting *Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)). Plaintiff's motion fails to provide any factual basis for this Court to find that Defendants have acted in bad faith.

Accordingly, Plaintiff's motion for sanctions, Docket No. 83, is hereby **DENIED**.

Dated: July 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Plaintiff's motion cites Fed. R. Civ. P. 26(f)(3)(B). *See* Docket No. 83 at 4, 7. However, Fed. R. Civ. P. 26(f)(3)(B) describes what information a proposed discovery plan must include and is not a legal basis for imposing sanctions. In addition, Plaintiff attaches to his motion a litany of legal authorities that purportedly support his request for sanctions, but fails to explain how these legal authorities support his request for sanctions. *See id.* at 29–31. While the Court liberally construes Plaintiff's filings as he is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will not manufacture arguments for Plaintiff. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief").