UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY NGUYEN,<br><br>   Plaintiff,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>   Defendants. | Case No. 2:21-cv-00134-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 90, 101, 105] |

Pending before the Court are Plaintiff's motions to strike. Docket Nos. 90, 101, 105. Apart from requesting that different documents be stricken, the motions are nearly identical and provide the same arguments for striking certain documents. The Court has considered Plaintiff's motions and Defendants' declarations in response thereto.[1] *See* Docket Nos. 90, 101, 105, 98, 102, 107. No further briefing is needed. The motions are properly resolved without a hearing. *See* LR 78-1.

The Court has authority to strike an improper filing under its inherent power to control its docket. *See, e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). "Motions to strike under the [Court's] inherent power . . . are wholly discretionary." *Jones v. Skolnik*, 2015 WL 685228, at *2 (D. Nev. Feb. 18, 2015). In deciding whether to exercise that discretion, courts consider whether striking the filing would "further the overall resolution of the action," and whether the filer has a history of excessive and repetitive filings that have complicated proceedings. *Id.* Courts are reluctant to strike material without some showing of prejudice by the moving party. *Cf. Roadhouse v. Las Vegas Metro. Police. Dep't*, 290 F.R.D. 535, 543 (D. Nev. 2013) (addressing motion to strike filed pursuant to Fed. R. Civ. P. 12(f)).

---

[1] The proper course of action is for parties to file a response in opposition to a motion and a reply in support of a motion, not declarations. *See* LR 7-2(b). The Court expects strict compliance with the Court's Local Rules in the future.

All motions filed in this Court "must be supported by a memorandum of points and authorities." LR 7-2(a). Plaintiff's motions fail to comply with this requirement.[2] *See* Docket No. 83. "The failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

However, even if Plaintiff had supported the instant motions with memorandums of points and authorities, the Court is not convinced that the requested relief is warranted. Plaintiff submits that striking the indicated documents is appropriate because Hoang Huy Tu is not a licensed attorney and, therefore, cannot appear as counsel for Defendants in this case. *See* Docket Nos. 90 at 4, 101 at 4, 105 at 4. Plaintiff further submits that his requests are warranted because Defendants Ngoc Bich Nguyen and Bich An Nguyen cannot represent themselves in this action. *See* Docket Nos. 90 at 4, 101 at 4, 105 at 4. Plaintiff's motions, however, fail to provide any factual basis for his allegations. The State Bar of California website lists Mr. Tu as an active member of the California bar, with no indication that his license has been revoked.[3] Further, Defendants Ngoc Bich Nguyen and Bich An Nguyen have appeared in the instant case, *see* Docket Nos. 47, 48, and may proceed *pro se* in this action if they so choose. *See Excedis Corp. v. Bollman*, 2018 WL 4279215, at *2 (D. Nev. July 9, 2018) ("[A]n individual can conduct his or her own case personally").

Plaintiff's requested relief is also unwarranted based on a review of the documents he asks the Court to strike. Plaintiff asks the Court to strike Defendants' motion to stay discovery. Docket No. 90 at 3; *see also* Docket No. 78 (motion to stay discovery). The Court, however, granted

---

[2] Plaintiff attaches to his motions a set of legal authorities, but fails to explain how these authorities support his requests. *See* Docket Nos. 90 at 32–35, 101 at 32–35, 105 at 32–35. While the Court liberally construes Plaintiff's filings as he is proceeding *pro se*, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), it will not manufacture arguments for Plaintiff. *See Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and distinctly in a party's opening brief").

[3] "[T]he court can take judicial notice of 'public records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies.'" *Romero v. Securus Tech., Inc.*, 216 F. Supp. 3d 1078, 1084 n.1 (S.D. Cal. 2016) (quoting *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1033 (C.D. Cal. 2015)).

Defendants' motion to stay discovery. *See* Docket No. 88. Striking this motion, therefore, is not warranted.

Further, Plaintiff asks the Court to strike several of Defendants' declarations. Docket Nos. 90 at 3, 101 at 3, 105 at 3; *see also* Docket Nos. 85, 96, 97, 98, 99, 100, 102, 103 (declarations). Defendants filed their declarations at Docket Nos. 85, 97, 98, 100, and 102 to oppose motions Plaintiff himself filed. A party is entitled to oppose a motion. *See* LR 7-2(b). The Court, therefore, finds that striking these declarations is not warranted. *See Weinstein v. Meritor, Inc.*, 2020 WL 1033550, at *7 (D. Nev. Mar. 3, 2020). Defendants filed their declaration at Docket No. 96 and its duplicate at Docket No. 99 in response to Plaintiff's declaration in support of his motion for sanctions. *See* Docket Nos. 83 (motion for sanctions), 93 (Plaintiff's declaration). Parties may not file supplemental briefs without the Court's leave, and the Court may strike supplemental filings made without its leave. *See* LR 7-2(g). Plaintiff's request, however, does not rely on Local Rule 7-2(g) and, in any event, the Court did not consider Defendants' supplemental declarations in resolving Plaintiff's motion for sanctions. As a result, the Court finds that Plaintiff cannot show the prejudice required to strike these supplemental declarations. Finally, Plaintiff asks the Court to strike Defendants' declaration at Docket No. 103, which supplements Defendants' pending motions to dismiss. *See* Docket Nos. 48, 69 (motions to dismiss). Plaintiff, however, fails to establish what prejudice, if any, this declaration causes.

Accordingly, Plaintiff's motions to strike, Docket Nos. 90, 101, 105, are hereby **DENIED**.

IT IS SO ORDERED.

Dated: July 26, 2021

                                                    Nancy J. Koppe
                                                    United States Magistrate Judge