# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TONY NGUYEN,<br><br>    Plaintiff,<br><br>v.<br><br>ISLAMIC REPUBLIC OF IRAN, et al.,<br><br>    Defendants. | Case No. 2:21-cv-00134-GMN-NJK<br><br>**ORDER**<br><br>[Docket Nos. 91, 92, 106] |

Pending before the Court are Plaintiff's motions to amend his complaint. Docket Nos. 91, 92, 110. The Court has considered Plaintiff's motions and Defendants' declarations in response thereto.[1] *See* Docket Nos. 91, 110, 97, 100 (duplicate), 107. No further briefing is needed. The motions are properly resolved without a hearing. *See* LR 78-1.

Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether to grant leave to amend, the Court considers "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In his initial request to amend his complaint, Plaintiff asks the Court for leave to amend his complaint by adding the "Socialist Republic of Vietnam" as a defendant in this case. Docket No. 91 at 3. In his later-filed motion to amend his complaint, Plaintiff also asks the Court for leave to amend his complaint by adding the "Socialist Republic of Vietnam" as a defendant in this case.

---

[1] The proper course of action is for parties to file a response in opposition to a motion and a reply in support of a motion, not declarations. *See* LR 7-2(b). The Court expects strict compliance with the Court's Local Rules in the future.

1

Docket No. 106 at 3. Although difficult to follow, this motion provides additional allegations that, Plaintiff submits, are distinct from an action he filed in the United States District Court for the District of Columbia. *Id.*

In response, Defendants ask the Court to deny Plaintiff's motions to amend his complaint based, in part, on arguments raised in their pending motions to dismiss. Specifically, Defendants submit that amendment is improper because the United States District Court for the Central District of California has declared Plaintiff to be a vexatious litigant. Docket Nos. 97 at 2–4, 107 at 2–5. Defendants submit that Plaintiff's motion to amend his complaint is "nonsensical, rambling and unreadable[.]" Docket No. 107 at 3. Defendants further submit that Plaintiff filed a complaint in the United States District Court for the District of Columbia that is identical to the one Plaintiff filed to initiate the instant case. Docket No. 107 at 5. Defendants submit that the United States District Court for the District of Columbia also found that complaint to be "nonsensical" and, therefore, dismissed the complaint *sua sponte*. *Id.* Defendants renew their requests to dismiss the instant action, find that Plaintiff is a vexatious litigant, and issue a prefiling injunction.[2] Docket Nos. 97 at 2–4, 107 at 2–4.

The Court finds that leave to amend the complaint is improper at this time. First, Plaintiff failed to attach the proposed amended complaint to his motions, as required under the Court's Local Rules. *See* LR 15-1(a). Further, Plaintiff's request to add the "Socialist Republic of Vietnam" also raises serious issues of foreign sovereign immunity. *See Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134 (2014). None of Plaintiff's motions to amend his complaint address whether this Court may exercise its jurisdiction over Vietnam and, if so, on what legal basis. "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." *Lockheed Martin Corp. v. Network Sol., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). In addition, in light of Defendants' repeated submissions that Plaintiff is a vexatious litigant, the

---

[2] The Court does not address these requests and expresses no opinion whatsoever on their merits, as they are the subject of Defendants' pending motions to dismiss. *See* Docket Nos. 33, 47, 48, 69.

Court will deny Plaintiff's motions to amend until the issues raised by Defendants are resolved.[3] *See Dowd v. Sisolak*, 2015 WL 6123220, at *4 (D. Nev. Oct. 16, 2015) (citing *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)) ("In the Ninth Circuit, courts deny leave to amend if . . . it will cause undue prejudice to the opposing party . . . the request is made in bad faith").

Accordingly, Defendants' motions, Docket Nos. 91, 92, 106, are hereby **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: July 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] The Court expresses no opinion herein on the merits of Defendants' pending motions to dismiss.

3