1
2
3
4

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

5
6
7   TONY NGUYEN,

         Plaintiff,                            Case No. 2:21-cv-00134-GMN-NJK

8
    v.                                         **ORDER**

9                                              [Docket Nos. 94, 95]

    ISLAMIC REPUBLIC OF IRAN, et al.,
10
         Defendants.

11

12      Pending before the Court is Plaintiff's motion to seal a statement of damages.  Docket No.

13  95; *see also* Docket No. 94 (statement of damages).  The motion is properly resolved without a

14  hearing.  *See* LR 78-1.

15      Under the Court's Local Rules, "[a] party may not file supplemental pleadings, briefs,

16  authorities, or evidence without leave of court granted for good cause."  LR 7-2(g).  Further, the

17  Court has authority to strike an improper filing under its inherent power to control its docket.  *See,*

18  *e.g.*, *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010).

19      Plaintiff asks the Court to seal a statement of damages he submitted under seal to this

20  Court.[1]  Docket No. 95.  The statement of damages consists of a declaration signed by Dr. Hung

21  Dinh Doan, which purportedly evaluates Plaintiff's medical conditions and costs.  Docket No. 94

22  at 5–6.  The statement of damages also includes a proof of service that purportedly confirms service

23  of the statement upon the Law Offices of Andrew D. Weiss by email and mail.[2]  *Id.* at 7.

24      The Court finds that Plaintiff's statement of damages is an improper filing.  Plaintiff's

25  statement of damages is not related to any pending motion, *see* Docket, and, in any event, Plaintiff

26  ─────────────────

27      [1] Plaintiff improperly filed his motion to seal under seal.

28      [2] Plaintiff voluntarily dismissed the Law Offices of Andrew D. Weiss from this action.  *See* Docket No. 29.

1

may not file supplemental evidence without the Court's leave.  Further, Plaintiff submits that he served the statement of damages on a third party.  It is therefore unclear why the statement of damages must be sealed.  There is a strong presumption of public access to judicial records.  *See Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to file documents under seal bears the burden of overcoming that presumption.  *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana*, 447 F.3d at 1178).  Even if Plaintiff's statement of damages were a proper filing, Plaintiff's motion to seal fails to overcome the strong presumption of public access to judicial records.

Accordingly, the Clerk's Office is hereby **INSTRUCTED** to strike Plaintiff's statement of damages at Docket No. 94.  Plaintiff's motion to seal, Docket No. 95, is hereby **DENIED** as moot.

IT IS SO ORDERED.

Dated: July 26, 2021

_____
Nancy J. Koppe
United States Magistrate Judge