# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| TONY NGUYEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:21-cv-00134-GMN-NJK |
| vs. | ) | |
| | ) | **ORDER** |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 69), filed by Defendants Hoang Huy Tu, Law Offices of Hoang Huy Tu, Bich An Nguyen, and Ngoc Bich Nguyen (collectively, "Defendants"). Plaintiff Tony Nguyen ("Plaintiff") filed a Response, (ECF Nos. 74–75), and Defendants did not file a Reply.

Also pending before the Court is Defendant Law Offices of Andrew Weiss's ("Weiss's") Motion for Prefiling Injunction, (ECF No. 7). Plaintiff filed a Response, (ECF No. 23), but Plaintiff voluntarily dismissed Defendant before the Reply deadline.[1]

For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss and **GRANTS** Weiss's Motion for Prefiling Injunction.

## I.   BACKGROUND

This case arises out of an incoherent and disjointed Complaint alleging claims of assault and battery from attempted murder, intentional infliction of emotional distress, invasion of a crime victim's privacy, fraud and abuse of process, and hate crimes, all brought under the

---

[1] Plaintiff voluntarily dismissed Weiss on March 5, 2021. (*See* Notice of Dismissal, ECF No. 29). The Court subsequently denied Weiss's Motion to Dismiss, (ECF No. 6), as moot, (*see* Min. Order, ECF No. 87). The Court now considers Weiss's remaining Motion for Prefiling Injunction.

Foreign Sovereign Immunities Act, 28 U.S.C. § 1605A. (Compl. at 3, 16–29, ECF No. 1). Essentially, Plaintiff claims that the Islamic Republic of Iran attempted to carry out a murder plot against him in California, Vietnam, and France by enlisting the help of Defendants, who Plaintiff claims are communist agents for Iranian and Vietnamese terrorist organizations. (*See id.* at 4–7).

To provide context for Plaintiff's claims, Defendants explain that Plaintiff and Defendant Bich An Nguyen were once in a romantic relationship, but when the relationship ended, Bich An Nguyen requested a restraining order against Plaintiff. (Defts.' Mot. Dismiss ("MTD") 4:4–11, ECF No. 69); (Weiss's Mot. Prefiling Inj. ("Weiss's Mot.") 4:10–23, ECF No. 7). However, Plaintiff continues to harass Bich An Nguyen by filing a seemingly endless barrage of frivolous lawsuits against her, her friends, her mother (Ngoc Bich Nguyen), her attorney (Hoang Huy Tu), her former spouse (Thien Tran ("Tran")), and Tran's attorney (Andrew Weiss). (MTD 4:16–20); (Weiss's Mot. Dismiss 5:1–5, ECF No. 6). Defendants assert that Plaintiff has filed 47 of these actions, primarily in California, and that all of them have been resolved in favor of the named defendants, except for the present case. (MTD 4:12–15); (Weiss's Mot. 11:1–3). In 2017, the Superior Court of California, County of Orange, entered a vexatious litigant prefiling order in favor of Tran against Plaintiff. (Prefiling Order, Ex. 23 to Weiss's Mot., ECF No. 9-22). Similarly, in 2018, the United States District Court for the Central District of California entered a prefiling injunction against Plaintiff, prohibiting him from filing a new action in federal district court against Tran or Andrew Weiss without permission, or from removing such a case from the Superior Court of California. *See Tran v. Nguyen*, No. SACV 18-0043 PSG (DFMx), 2018 WL 1441179, at *7 (C.D. Cal. Mar. 22, 2018). Plaintiff now brings his claims against Defendants in the United States District Court

1  for the District of Nevada, likely in an attempt to avoid the prefiling injunctions ordered against

2  him in California.[2]

3  **II.    LEGAL STANDARD**

4      **A. Motion to Dismiss**

5      Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to

6  assert the defense that a court lacks personal jurisdiction over the defendant. Fed. R. Civ. P.

7  12(b)(2).  When a 12(b)(2) motion is based on written materials, rather than an evidentiary

8  hearing, the plaintiff need only establish a prima facie showing of jurisdictional facts to

9  withstand the motion to dismiss. *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).

10 District courts take the uncontroverted allegations in the complaint as true. *Dole Food Co. v.*

11 *Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

12      When no federal statute applies to the determination of personal jurisdiction, the law of

13 the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374

14 F.3d 797, 800 (9th Cir. 2004).  Because Nevada's long-arm statute reaches the outer limits of

15 federal constitutional due process, courts in Nevada need only assess constitutional principles

16 of due process when determining personal jurisdiction. *See* Nev. Rev. Stat. § 14.065; *Galatz v.*

17 *Eighth Judicial Dist. Court*, 683 P.2d 26, 28 (Nev. 1984).

18      Due process requires that a non-resident defendant have minimum contacts with the

19 forum such that the "maintenance of the suit will not offend 'traditional notions of fair play and

20 substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken*

21 *v. Meyer*, 311 U.S. 457, 463 (1940)).  Minimum contacts can give rise to either general or

22 specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d 1369, 1375 (Fed. Cir.

23 2000).  General jurisdiction exists where a defendant maintains "continuous and systematic"

24  _____

25 [2] Plaintiff filed another similar case against Andrew Weiss and Thien Tran in the District of Nevada in 2017, but it was dismissed for lack of personal jurisdiction and improper venue on July 20, 2018. (*See* Order, *Nguyen v. Weiss*, Case No. 2:17-cv-02938-KJD-VCF, ECF No. 31).

1    ties with the forum state, even if those ties are unrelated to the cause of action. *Id.* (citing

2    *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–16 (1984)).  Specific

3    jurisdiction exists where claims "arise out of" or "relate to" the contacts with the forum, even if

4    those contacts are "isolated or sporadic." *Id.*

5       **B.  Vexatious Litigant**

6        The All Writs Act, 28 U.S.C. § 1651(a), empowers federal district courts to enjoin

7    vexatious litigants who have a history of abusing the court's limited resources. *De Long v.*

8    *Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990).  Under the All Writs Act, a district court can

9    order a person with lengthy histories of abusive litigation—a vexatious litigant—to obtain leave

10   of court before filing any future lawsuits. *Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047,

11   1057 (9th Cir. 2007).

12       "When district courts seek to impose pre-filing restrictions, they must: (1) give litigants

13   notice and an 'opportunity to oppose the order before it [is] entered'; (2) compile an adequate

14   record for appellate review, including 'a listing of all the cases and motions that led the district

15   court to conclude that a vexatious litigant order was needed'; (3) make substantive findings of

16   frivolousness or harassment; and (4) tailor the order narrowly so as 'to closely fit the specific

17   vice encountered.'" *Ringgold-Lockhart v. Cnty of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir.

18   2014) (citing *De Long*, 912 F.2d at 1147–48).  "Ultimately, the question the court must answer

19   is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the

20   judicial process and harass other parties."  *Id.* at 863–64.

21       "Flagrant abuse of the judicial process cannot be tolerated because it enables one person

22   to preempt the use of judicial time that properly could be used to consider the meritorious

23   claims of other litigants." *De Long*, 912 F.2d at 1148.  However, the Ninth Circuit has

24   cautioned that vexatious litigant orders are an extreme remedy and should rarely be

25   entered. *Id.* (citing *Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523-

26 (9th Cir. 1984)).  This is because such an order restricts access to the courts—the litigant's "final safeguard for vitally important constitutional rights." *Wood*, 705 F.2d at 1525.  "An injunction cannot issue merely upon a showing of litigiousness.  The plaintiff's claims must not only be numerous, but also be patently without merit." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).

## III.   <u>DISCUSSION</u>

### A.  Motion to Dismiss

In their Motion, Defendants argue that this case should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction. (*See* MTD 5:24–8:8).  To support this argument, Defendants assert that they are residents of California and Vietnam. (*Id.* 5:26–27, 7:16–18); (Mot. Dismiss 3:26–27, ECF No. 47).  Defendants further claim that Plaintiff presents no connection between the allegations in the Complaint and the State of Nevada, aside from the fact that Plaintiff rented a Nevada post office box to establish his own Nevada domicile. (MTD 7:14–8:8).  Plaintiff's Response neglects to address personal jurisdiction and instead continues to recite the duplicative and incoherent arguments that populate all of his filings. (*See generally* Response, ECF No. 74).

As an initial matter, the Court does not have general personal jurisdiction over Defendants because none of them are domiciled in Nevada; Hoang Huy Tu and Bich An Nguyen reside in California, and Ngoc Bich Nguyen resides in Vietnam. *See Bristol-Meyers Squibb Co. v. Super. Ct.*, 137 S. Ct. 1773, 1776 (2017) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)) ("For an individual, the 'paradigm forum' for the exercise of general jurisdiction is the 'individual's domicile.'"); (MTD 5:26–27,

7:16–18); (Mot. Dismiss 3:26–27, ECF No. 47).[3]  Therefore, the question turns to whether the Court has specific personal jurisdiction over Defendants.

Specific personal jurisdiction refers to "jurisdiction based on the relationship between the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050, 1057 (9th Cir. 2007).  Personal jurisdiction must arise out of "contacts that the defendant *himself* creates with the forum State." *Waldon v. Fiore*, 571 U.S. 277, 284 (2014) (internal quotations omitted).  Further, personal jurisdiction cannot be established from the conduct of a plaintiff or third parties within the forum. *Id.*  In other words, "the plaintiff cannot be the only link between the defendant and the forum." *Id.* at 285.

Courts utilize a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057.  If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.*  However, "[i]f the

---

[3] At various times Plaintiff alleges that Defendants are citizens of California, Vietnam, Iran, or Venezuela, but never alleges that any Defendant is a citizen of Nevada. (*See generally* Compl., ECF No. 1).

plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

Here, Plaintiff claims that Defendants orchestrated death threats and murder plots against him in California, Vietnam, and France. However, none of Plaintiff's allegations against Defendants are set in Nevada. Further, Plaintiff fails to allege facts establishing a relationship between Defendants' own contacts with Nevada, if any, and Plaintiff's claims.[4] As such, the Court lacks specific personal jurisdiction over Defendants, and Defendants' Motion to Dismiss is granted.[5]

### B. Dismissal of Remaining Defendants

By granting Defendants' Motion to Dismiss, the only remaining defendants in this case are the Islamic Republic of Iran, Mohammad Manastra, Atir Manastra, and Hai Trung Hoang.[6] However, the Court will dismiss Plaintiff's claims against the remaining defendants *sua sponte* and without notice because Plaintiff "cannot possibly win relief." *See Sparling v. Hoffman Const. Co.,* 864 F.2d 635, 638 (9th Cir. 1988) (*sua sponte* dismissal of a claim for failure to state claim was proper where plaintiffs could not possibly win relief). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful, fantastic, and delusional.'" *Denton v. Hernandez,*

---

[4] In fact, Plaintiff only identifies one Defendant, Bich An Nguyen, as having a contact with Nevada by claiming that she entered into "a sham marriage performed in Las Vegas in 2007." (Compl. at 10, ECF No. 1). However, Plaintiff still fails to connect Bich An Nguyen's alleged Nevada marriage ceremony to his allegations of assault, battery, and intentional infliction of emotional distress in California and overseas.

[5] This action is also dismissed as to Defendant Thien Tran for lack of personal jurisdiction, even though he has not yet individually challenged jurisdiction. A district court may "dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of the moving defendant." *Silverton v. Dept. Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981). Like the other Defendants, Plaintiff makes no allegation that Thien Tran is a citizen of Nevada or has contacts with Nevada that are connected to the claims in his Complaint.

[6] Plaintiff only identifies Mohammad Manastra, Atir Manastra, and Hai Trung Hoang as "agents of Iran Islamic Government [sic]," and none of them have appeared in this case."

504 U.S. 25, 32–33 (1992) (citing *Neitzke v. Williams*, 490 U.S. 316 (1989)) (internal citations omitted).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.  Here, Plaintiff's allegations present a delusional, sweeping conspiracy implicating the named defendants, Iran, Venezuela, and, at times, Hamas, in an international plot to murder him.  The Complaint rises to the level of frivolous and nonsensical, and Plaintiff does not allege facts creating a cognizable cause of action against the Islamic Republic of Iran, Mohammad Manastra, Atir Manastra, and Hai Trung Hoang.  Thus, Plaintiff could not possibly win relief, and the Court also dismisses Plaintiff's Complaint with respect to the Islamic Republic of Iran, Mohammad Manastra, Atir Manastra, and Hai Trung Hoang.

## C. Vexatious Litigant

In his Motion, Weiss asks the Court to declare Plaintiff a vexatious litigant and issue a prefiling injunction against Plaintiff to protect himself and Tran from any further vexatious litigation in the District of Nevada. (*See* Weiss's Mot. 10:11–16:18).  As laid out above, *Ringgold-Lockhart* identifies four factors that a district court must consider when imposing prefiling restrictions on a litigant. *See* 761 F.3d at 1062.  The Court will address each in turn.[7]

### 1. Notice and Opportunity to Oppose

In the present case, Weiss filed a motion, pursuant to the Court's standard noticing procedures, requesting that the Court impose a prefiling injunction on Plaintiff. (*See generally*

---

[7] Defendants' Motion to Dismiss also asks the Court to restrict Plaintiff from filing new cases against Hoang Huy Tu, Law Offices of Hoang Huy Tu, Ngoc Bich Nguyen, or Bich An Nguyen. (*See* MTD 9:1–14:4). However, Defendants' request appears to be copied directly from Weiss's Motion for Prefiling Injunction, and so Defendants are actually just making the case for a prefiling injunction in relation to Weiss and Thien Tran, and not in relation to Hoang Huy Tu, Law Offices of Hoang Huy Tu, Ngoc Bich Nguyen, or Bich An Nguyen. Therefore, the Court will consider a prefiling injunction only as it relates to Weiss and Thien Tran because, by failing to make a case for themselves, Defendants failed to give Plaintiff adequate notice and an opportunity to oppose their harassment claims. *See Ringgold-Lockhart v. Cnty of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (prior to the entry of a prefiling injunction, litigants must have notice and an opportunity to oppose it).

Weiss's Mot., ECF No. 7). Plaintiff received notice of and responded to this Motion. (*See generally* Resp., ECF No. 23). As such, Plaintiff had adequate notice of Weiss's request for prefiling injunction and an opportunity to respond.

### 2. Adequate Record for Review

The Court has compiled an adequate record of review based on the filings and exhibits provided by Weiss in support of his Motion. In Exhibit 39 to the Motion for Prefiling Injunction, Weiss presented a list of all cases filed by Plaintiff against himself or Tran. (*See* List of Related Actions, Ex. 39 to Weiss's Mot., ECF No. 9-38). This includes 42 cases, removals, and appeals naming Tran as a defendant and 31 naming Weiss. (*Id.*). *See also Tran v. Nguyen*, No. SACV 18-0043 PSG (DFMx), 2018 WL 1441179, at *2 (C.D. Cal. Mar. 22, 2018) (compiling a list of Plaintiff's frivolous filings in federal court and removals from state court against Weiss and Tran). For example, Plaintiff has initiated five cases against Weiss and Tran in the Central District of California, and two in the District of Nevada. (*See* List of Related Actions, Ex. 39 to Weiss's Mot.). Additionally, Plaintiff has filed seven actions in the Superior Court of California, which he attempted to remove to the Central District of California at least eleven times. (*Id.*). Finally, Plaintiff has filed twenty-two appeals, both in the state and federal systems, but all of them have been dismissed or affirmed in favor of Weiss and Tran. (*Id.*).

### 3. Findings of Frivolousness or Harassment

In his Motion, Weiss details Plaintiff's long history of targeted litigation. (*See* Weiss's Mot. 10:11–16:18). Weiss explains that Plaintiff repeatedly files and removes duplicative actions in state and federal courts, all arising from similar frivolous claims. (*Id.* 13:9–15:26). Weiss argues that Plaintiff is using the state and federal court systems to harass Tran, even using tactics to evade the California prefiling injunctions, such as filing cases as "John Doe." (*Id.* 12:26–13:8). As evidence of Plaintiff's harassment and continual frivolous filings, Weiss

points to the prefiling injunctions implemented by the Superior Court of California and the District Court for the Central District of California. (*Id.*).

When assessing the potential frivolousness or harassing nature of a litigant's behavior, courts should consider the following factors: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Molski v. Mandarin Touch Rest.*, 347 F. Supp. 2d 860, 864 (C.D. Cal. 2004) (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 23 (2d Cir. 1986)).

Here, Plaintiff has a well-documented history of filing duplicative and harassing lawsuits because two other courts have already imposed prefiling injunctions against him. Though only two cases have been filed in the District of Nevada thus far, both cases present substantially similar claims against Weiss and Tran to the California cases that have been repeatedly dismissed.[8]  To preserve his ability to file these frivolous lawsuits, Plaintiff has demonstrated a willingness to circumvent court-ordered prefiling injunctions through deception, such as by attempting to file cases anonymously as "John Doe." *See Doe v. Law Offices of Andrew D. Weiss* No. EDCV 19-2119, 2020 WL 5983929, at *2 (C.D. Cal. July 30, 2020) ("Finally, the Court notes that in the course of his outburst, Plaintiff tacitly reveals his identity as Anthony Nguyen.  Plaintiff's unforced error not only undermines his need to file anonymously but confirms the Court's previous finding that Plaintiff seeks to file under a

---

[8] In fact, Plaintiff sometimes refers to himself in the Complaint as "John Doe," which indicates to the Court that much of the Complaint in this case has been copied from his Complaint in *John Doe v. Law Offices of Andrew D. Weiss*. *See Doe v. Law Offices of Andrew D. Weiss* No. EDCV 19-2119, 2020 WL 5983929, at *2 (C.D. Cal. July 30, 2020).

pseudonym to circumvent an existing pre-filing injunction."). Similarly, Plaintiff's Nevada post-office box appears to be another thinly veiled attempt at forum shopping in order to maintain his pattern of harassment against Weiss and Tran, even though the Complaint reveals no bona fide connection to Nevada. While Plaintiff is representing himself, based on the outcome of his previous cases and the lack of relation to Nevada, it would be difficult for him to argue that he has any good faith belief in the success of his claims. Accordingly, the Court finds that this case is frivolous, harassing, and an unnecessary burden on the courts. Plaintiff may not be allowed to continue using the federal judicial system as his mechanism of harassment.

### 4. Narrow Tailoring

Based on Plaintiff's long record of filing duplicative lawsuits, and the Court's finding that his filings are frivolous, harassing, and an abuse of the federal judicial system, the Court concludes that Plaintiff is a vexatious litigant and a prefiling restriction should be imposed. However, to ensure that such a restriction is narrowly tailored "'to closely fit the specific vice encountered,'" Plaintiff will only be restricted from initiating cases against Weiss and Tran. *Ringgold-Lockhart v. Cnty of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014) (citing *De Long*, 912 F.2d at 1147–48). With this limited prefiling injunction, Plaintiff will still have meaningful access to the courts for any non-frivolous claims, but without the ability to continue wasting judicial resources. Accordingly, Plaintiff is permanently enjoined from initiating any cases in the District of Nevada against Andrew Weiss, Law Offices of Andrew Weiss, or Thien Tran, without first obtaining leave of the Court. The Court finds that this sanction is adequate to protect all parties, and cautions Plaintiff that a violation of this Order may result in monetary sanctions, including attorney's fees, pursuant to Federal Rule of Civil Procedure 11.

//

//

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 69), is **GRANTED**.  Plaintiff's claims against Hoang Huy Tu, Law Offices of Hoang Huy Tu, Bich An Nguyen, Ngoc Bich Nguyen, and Thien Tran are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against Defendants the Islamic Republic of Iran, Mohammad Manastra, Atir Manastra, and Hai Trung Hoang are **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Weiss's Motion for Prefiling Injunction, (ECF No. 7), is **GRANTED**, to the extent consistent with this Order.  Plaintiff Tony Nguyen is hereby declared a **VEXATIOUS LITIGANT** and is **PERMANENTLY ENJOINED** from initiating cases in the District of Nevada against Andrew Weiss, Law Offices of Andrew Weiss, or Thien Tran, without first obtaining leave of this Court.

**IT IS FURTHER ORDERED** that Defendant Law Offices of Hoang Huy Tu's Motion to Dismiss, (ECF No. 33), is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Defendant Ngoc Bich Nguyen's Motion to Dismiss, (ECF No. 47), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Defendant Bich An Nguyen's Motion to Dismiss, (ECF No. 48), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's Motions to Strike, (ECF Nos. 55, 65, and 74), are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Sanctions, (ECF No. 19), is **DENIED as moot**.[9]

---

[9] On March 5, 2021, Plaintiff voluntarily dismissed Weiss from this case. (*See* Notice of Dismissal, ECF No. 29). Accordingly, Plaintiff's Motion for Sanctions is now moot.  When Plaintiff voluntarily dismissed Weiss from this case, the Court similarly denied as moot Plaintiff's other Motions for Sanctions, (ECF Nos. 15, 24, 30), against Weiss, which were essentially identical to the present Motion. (*See* Order, ECF No. 40).

1    **IT IS FURTHER ORDERED** that Plaintiff's Motions for Entry of Default, (ECF Nos.

2  21 and 22), are **DENIED as moot**.

3    The Clerk is ordered to close the case.

4    **DATED** this __13__ day of September, 2021.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT