UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TONY NGUYEN, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cv-00134-GMN-NJK |
| vs. ) | |
| ) | **ORDER** |
| ISLAMIC REPUBLIC OF IRAN, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Vacate Judgment, (ECF No. 120), Motion for Recusal, (ECF No. 121), and Motion to Extend Time to File an Appeal, (ECF No. 129) filed by Plaintiff Tony Nguyen ("Plaintiff").  The Court will discuss each in turn.

I. **Motion to Vacate Judgment**

On September 13, 2021, the Court dismissed with prejudice Plaintiff's claims against all Defendants because the Court found that it lacked personal jurisdiction and Plaintiff "[could] not possibly win relief" based on his incoherent and frivolous claims. (Order 5:7–8:11, ECF No. 118).  The Court also declared Plaintiff a vexatious litigant and permanently enjoined him from initiating cases in the District of Nevada against Defendants without first obtaining leave of Court. (*Id*. 12:8–12).  Plaintiff now moves to vacate the dismissal order, which the Court construes as a Motion for Reconsideration under Federal Rule of Civil Procedure ("FRCP") 60(b).[1]

---

[1] Plaintiff is proceeding pro se, and thus, the Court will construe his pleadings liberally.  The Court is obligated to hold a pro se litigant to a different standard than a party who is represented by counsel. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007).  The pleadings of a pro se litigant are "to be liberally construed" and "however inartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

Rule 60(b) states that a Court may relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.  Plaintiff's Motion to Vacate Judgment fails to identify a reason for vacatur that falls within any of Rule 60(b)'s enumerated categories, and in fact, Plaintiff's Motion fails to articulate any coherent reason why Plaintiff should be relieved from final judgment.  Accordingly, Plaintiff's Motion to Vacate Judgment is denied.

## II.     Motion for Recusal

Plaintiff requests that the undersigned recuse from this case based on "premature-erroneous rulings" and "biased-negligent conducts." (Mot. Recuse at 3, ECF No. 121).[2]  The Court will construe Plaintiff's Motion as one seeking recusal under 28 U.S.C. §§ 144.  Section 144 states in pertinent part:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

However, other than mere conclusory allegations that the undersigned is "biased," Plaintiff provides no substantive claim or evidence of bias or impartiality.  As such, Plaintiff's Motion for Recusal is denied.

---

However, the pro se litigant "should not be treated more favorably" than the party who is represented by counsel. *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[2] Plaintiff also requested that Magistrate Judge Nancy J. Koppe recuse from this case, (*see* Mot. Recusal, ECF No. 124), but Judge Koppe has already denied that Motion. (*See* Order, ECF No. 125).

### III. Motion to Extend Time to File an Appeal

The Motion to Extend Time requests that the Court give Plaintiff 60 days after its ruling on the Motion to Vacate Judgment to file his notice of appeal. (Mot. Extend Time at 3, ECF No. 129). Under Federal Rule of Appellate Procedure 4(a), "the notice of appeal . . . must be filed with the district clerk within 30 days after the entry of the judgment or order appealed from." The time to file a notice of appeal may be extended if: (1) the party files its motion to extend no later than 30 days after the time prescribed by Rule 4(a) expires; and (2) the moving party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). However, if the party files a motion for relief under FRCP 60 within 28 days after the judgment is entered, then "the time to file an appeal runs for all parties from the entry of the order disposing" of the motion. Fed. R. App. P. 4(a)(4)(A)(vi).

In the present case, the Court ordered Plaintiff's claims dismissed on September 13, 2021, and judgment was entered on September 14, 2021. Plaintiff filed his Motion to Vacate Judgment, requesting relief under FRCP 60, on September 24, 2021, which is well under 28 days from the entry of judgment. Therefore, Plaintiff's 30 days to file an appeal will run from the date of the Order disposing of Plaintiff's Moton to Vacate Judgment, which is this Order. Plaintiff's Motion to Extend Time requests an additional 30 days to file his notice of appeal for "convenience." However, "convenience" alone does not provide the Court with the excusable neglect or good cause required to grant an extension. *See* Fed. R. App. P. 4(a)(5)(A). Accordingly, Plaintiff's Motion to Extend Time is denied, without prejudice, and his notice of appeal shall be filed within 30 days of the date of this Order.

### IV. Conclusion

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment, (ECF No. 120), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Recusal, (ECF No. 121), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time to File an Appeal, (ECF No. 129), is **DENIED without prejudice**.

**DATED** this __15__ day of April, 2022.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT